UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-CR-00296-KJM-11 |
| Plaintiff, | |
| v. | ORDER |
| RAFAEL MORFIN-MEDINA, | |
| Defendant. | |

Defendant Morfin-Medina moves this court for an order appointing counsel to assist him in filing a motion to reduce his sentence. Mot., ECF No. 357.

The "constitutional right to counsel" extends only through a defendant's first appeal; after that, whether to appoint counsel "rests in the discretion of the district court." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)). Defendant is therefore not entitled to counsel under the Sixth Amendment. *Id.* at 512-13. A federal statute, however, authorizes district courts to appoint counsel when "the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B).

////

////

1

Here, appointment of counsel is not justified. Defendant asks that he "be afforded appointed [*sic*] of counsel because his petition will raise complicated legal questions regarding the application of a new Amendment 782 to the Sentencing Guidelines that will reduce [his] overall sentence by two levels[.]" Mot. at 2. Yet Amendment 782 appears plainly inapplicable to defendant. Amendment 782 became effective November 1, 2014, and applies retroactively to defendants sentenced before that date. *See Serrano v. United States*, No. 1:02-CR-05319-LJO, 2014 WL 6773237, at *1 (E.D. Cal. Nov. 10, 2014). Defendant was sentenced in September 2015, and his sentence was based on the 2014 Sentencing Guidelines, which already incorporated Amendment 782. *See* Presentence Investigation Report, ECF No. 228, ¶ 17 ("The 2014 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level."); *see also* Sentencing Mins., ECF No. 323.

Assuming without ultimately deciding the cited Amendment is plainly inapplicable to defendant, the issues posed by his anticipated motion are not so complex as to warrant appointing counsel. *Cf. Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (explaining counsel is warranted where case complexities are such that denial of counsel would amount to a denial of due process); *see also United States v. Richardson*, 569 Fed. App'x. 504, 504-05 (9th Cir. 2014) (summarily affirming discretionary decision not to appoint counsel in § 3582(c) proceedings where "[a]ll of the arguments [defendant] claims he could have presented with the benefit of counsel have either been squarely rejected or severely undermined").

The court DENIES defendant's motion to appoint counsel.

IT IS SO ORDERED.

This resolves ECF No. 357.

DATED: March 8, 2018.

UNITED STATES DISTRICT JUDGE